# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10655

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2015

Lyle W. Cayce
Clerk

TIMOTHY WHITE

Plaintiff

v.

REGIONAL ADJUSTMENT BUREAU, INCORPORATED, doing business as
RAB, Inc.

Defendant – Appellee

v.

NOAH RADBIL

Respondent – Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1817

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The underlying dispute in this case concerned claims under consumer
protection statutes by Dr. Timothy White, represented by Noah Radbil, against
Regional Adjustment Bureau, Inc. ("RAB"). However, this appeal concerns

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

only sanctions issued by the district court against Radbil[1] arising from his conduct during the pendency of the case. Following five hearings and full briefing, the district court entered an eighty-three-page order sanctioning Radbil by awarding reasonable and necessary attorneys' fees[2] for time spent by RAB's counsel addressing Radbil's conduct and suspending Radbil from practice before the Northern District of Texas for three years. We MODIFY the term of suspension to one year and AFFIRM in all other respects the district court's order regarding Radbil.

We review the sanctions order, issued pursuant to the district court's inherent power, for abuse of discretion, but with a careful eye. *See Crowe v. Smith*, 151 F.3d 217, 226, 236 (5th Cir. 1998). This case has already been the subject of prolonged proceedings. In light of the district court's lengthy order and protracted oral argument before our court, we write only to summarize our disposition of Radbil's challenges as follows:

1. *Bad Faith Finding.* The district court recounted numerous instances of alleged wrongdoing by Radbil during the course of this trial, specifically including making misrepresentations to the district court. The district court found that Radbil made these misrepresentations intentionally, rather than through mistake or mere incompetence. Radbil takes issue with some of the findings, and we are not convinced that all of the alleged wrongdoing was, in reality, wrongdoing. Furthermore, some of the evidence pertained to other cases, including

---

[1] The appeal of sanctions issued against another member of Radbil's firm, Marshall Meyers, has been severed from this case and is now proceeding separately under Case No. 15-10723.

[2] At the time of appeal, the precise amount of fees had not been determined. We affirm the district court's decision to award fees, recognizing that the amount should be limited to those fees reasonably and necessarily incurred as a result of Radbil's conduct (as distinct from those caused by the normal course of defending the White/RAB litigation).

one in which the sanction was vacated.   But there is ample evidence to support the district court's conclusion that Radbil engaged in deceit in the present case, and we give deference to the district court's firsthand view of whether that deceit was intentional.   Accordingly, we conclude that the finding of bad faith was adequately explained and supported by clear and convincing evidence.

2. *Role of Opposing Counsel.*[3] Radbil argues that opposing counsel's role should have been limited to advocating for recovery of RAB's attorneys' fees and that RAB's counsel overreached by opining about whether Radbil should be suspended or otherwise disciplined in addition to the attorneys' fees sanction.  *See Crowe*, 151 F.3d at 233. We agree with Radbil that a district court should appoint independent counsel to prosecute any "inherent power" sanctions case where the possibility of disbarment or suspension is presented and that RAB's counsel's description of RAB in closing arguments before the district court as "a private attorney general for the bar, the Court, and . . . consumers" is troubling.  *See id.* (noting that court sufficiently avoids placing opposing counsel in role of prosecutor where it avoids putting him "in the position of making legal argument in favor of disbarment," and finding no impropriety where opposing counsel conducted investigations, took depositions, collected other evidence, and cross-examined witnesses, but was not allowed to present argument,

---

[3] Following oral argument, Radbil brought to this court's attention a press release from the Association of Credit and Collection Professionals stating that it has provided funds to support RAB in this appeal.  We decline to consider this document, leaving consideration of its implications for the district court in assessing the amount of attorneys' fees.  While the document suggests a disturbing sort of partisanship in the appeal process, it does not suggest this group was involved during the proceedings before the district court, which is the matter we are evaluating.  Further, RAB's counsel has confirmed that the first request for funds to this group was in connection with this appeal.  In any event, two wrongs do not make a right.

No. 15-10655

submit legal authorities after trial, or suggest the sanctions to be imposed); *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 707–08 (5th Cir. 1990) (holding that the district court "avoided placing [opposing] counsel in the role of prosecutor for the disbarment proceedings," which would create danger of overzealousness, where counsel's argument was "devoted entirely to the issue of monetary sanctions" and "[t]he court later relied on its own research, aided by any briefs the parties wished to file, in determining the propriety of nonmonetary sanctions"), *aff'd sub nom. Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)." However, prior to the district court's ruling, RAB's counsel did not advocate for disbarment except during testimony in response to a question from Radbil's counsel. *See Crowe* at 233–34. Thus, we conclude that the conduct of RAB's counsel, as it related to the effect on the district court's ruling, did not rise to the level that would present reversible error.

3. *Explanation of Sanctions.* Radbil also challenges the district court's alleged failure to consider lesser sanctions in imposing a three-year suspension. The district court did consider disbarment, but it concluded that such a punishment was too severe. It did not expressly address imposition of a shorter period of suspension, but, as a result of our disposition in section 4 below, we conclude it would not serve any purpose to remand for further findings. The district court's lengthy opinion provides sufficient insight into the district court's reasoning.

4. *Suspension.* We conclude that the district court did not abuse its discretion in concluding that lying to the court supports imposition of a period of suspension from practicing before that federal district. We have affirmed similar types of sanctions in the past. *See, e.g., In re*

*Grodner*, 587 F. App'x 166, 170 (5th Cir. 2014); *In re Moity*, 320 F. App'x 244, 244–45 (5th Cir. 2009); *Crowe*, 151 F.3d at 239; *NASCO, Inc.*, 894 F.2d at 698.  However, based upon our review of prior cases, we have come to the conclusion that it would be an abuse of discretion to impose greater than a one-year suspension for the conduct found to have occurred here.  Although we ordinarily would remand for reassessment in light of this holding, we conclude that the amount of time devoted to this case by all concerned has been extensive and that it serves the interests of justice to modify the district court's order to "bring the proceedings to a close." *Topalian v. Ehrman*, 84 F.3d 433, 1996 WL 248995, at *4 n.4 (5th Cir. 1996) (unpublished).  We conclude that a one-year suspension is the least severe sanction necessary to deter such improper conduct in the future. *See id.* at *4–5.

Accordingly, we MODIFY the district court's order to reduce the suspension from three years to one year.  As modified, we AFFIRM.  We DENY Radbil's motion to reassign the case to a different judge.[4]

---

[4] Although we are not remanding, we recognize that the amount of attorneys' fees is still pending before the original district judge, and we decline to order a reassignment.